


FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 OCT 25  P 5:14

CLERK'S OFFICE
AT BALTIMORE

BY____

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| Rod J. Rosenstein<br>*United States Attorney*<br><br>Judson T. Mihok<br>*Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | DIRECT 410-209-4903<br>MAIN 410-209-4800<br>FAX 410-962-3091<br>TTY-TDD 410-962-4462<br>Judson.Mihok@usdoj.gov |

September 28, 2012

Charlie Waechter, Esq.
1435 Sulphur Spring Road, 1st Floor
Baltimore, MD 21227

    Re:    United States v. Brian Matthew Williams, Criminal No. ELH 12-0316

Dear Mr. Waechter:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by October 19, 2012, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

    1.    The Defendant agrees to plead guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to the Superseding Criminal Information charging him with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

        a.    That on or about the dates specified in the Superseding Criminal Information, in the District of Maryland, the Defendant knowingly received a visual depiction;

1

    b. That said visual depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

    c. That the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct;

    d. That said visual depiction is of a minor engaged in sexually explicit conduct; and

    e. That the Defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

### Penalties

3. The sentence provided by statute for each of the offenses to which your client is pleading guilty is as follows: not less than five (5) years and not more than twenty (20) years imprisonment, a $250,000 fine, and supervised release for 5 years to life. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

    a. The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

---

  [1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the

3

United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

        i.       The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

### Advisory Sentencing Guidelines Apply

        5       The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

        6.       This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a.    **RECEIPT**

        (i)    The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

        (ii)    Pursuant to U.S.S.G. §2G2.2(b)(2), two (2) levels are added because the material involved a prepubescent minor.

        (iii)    Pursuant to U.S.S.G. §2G2.2(b)(5), five (5) levels are added because the defendant engaged in a pattern activity involving the sexual exploitation of minors.

        (iv)    The offense level, therefore, is twenty-nine (29).

    b.    **RELEVANT CONDUCT PER U.S.S.G. §1B1.3-PRODUCTION**

        (i)    The base offense level is thirty-two (32) pursuant to

U.S.S.G. §2G2.1(a).

        (ii)    Pursuant to U.S.S.G. §2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense.

        (iii)    The offense level, therefore, is thirty-six (36).

    c    **COMBINED OFFENSE LEVEL**

Pursuant to U.S.S.G. §§1B1.2 and 3D1.4, the above-referenced conduct does not group. The guidelines count as one unit the group with the highest offense level and count as one-half Unit each group that is five to eight levels less serious. Since the U.S.S.G. for Production offense is thirty-six (36) and the Receipt of Child Pornography is twenty-nine (29), seven (7) levels less serious, thirty-six (36) is increased by one (1) offense level. U.S.S.G. §3D1.4(b).

The offense level, therefore, is thirty-seven (37).

7.    This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final base offense level, therefore, is thirty-four (34).**

8.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.    This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, there should be a no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

10. The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), **a sentence of between ten years (120 months) and fourteen years (168 months) imprisonment in the custody of the Bureau of Prisons and at least twenty (20) years and up to lifetime supervised release is the appropriate disposition of this case.** This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

11. As stated above, at the time of sentencing, the United States Attorney's Office will recommend a sentence of between 10 years (120 months) and 14 years (168 months), a period of between 20 years and up to a lifetime period of supervised release, and will move to dismiss the Indictment pending against the Defendant.

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the count of the Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **14 years (168 months)**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **10 years (120 months)**.

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

16. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from him on May 6, 2012, including, but not limited to, an HTC PC36100 EVO 4G cell phone (s/n HT09VHL11973) and a Transcend 8 GB Micro SD Card (s/n 9155A48G07DS1). He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Restitution

17. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills,

compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Entire Agreement

18. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10-2-12
Date

Brian Matthew Williams

I am Brian Matthew Williams's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

10-2-12
Date

Charles Waechter, Esquire

9

## ATTACHMENT A-STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Brian Matthew Williams, age 28, formerly was a resident of West Chester, Pennsylvania.

On May 6, 2012, WILLIAMS traveled from his residence in West Chester, Pennsylvania, to the Chesapeake House rest stop on I-95 in Cecil County, Maryland, then to the Maryland House rest stop on I-95 in Harford County, Maryland, before returning to the Chesapeake House rest stop. During the course of that day, WILLIAMS spent nearly five hours at those two rest stops going in and out of the men's restrooms filming the penises of several minor males, most of whom were prepubescent, as they used the urinals. WILLIAMS did so by utilizing his HTC PC36100 EVO 4G cell phone (s/n HT09VHL11973) and a Transcend 8 GB Micro SD Card (s/n 9155A48G07DS1), and by positioning himself at an adjacent urinal. In this manner, WILLIAMS created 21 videos focused on the genitals of minor males using the urinals. Two of those videos are further described as follows: a video file titled "1336331765977.3gp", which depicts two prepubescent minor males urinating and captures images of one of the prepubescent minor male's exposed penis without his knowledge in a public rest room; and video file titled "1336336397174.3gp", which depicts two prepubescent minor males urinating and captures images of one of the prepubescent minor male's exposed penis without his knowledge in a public restroom. After capturing video of the minor males using the urinals, WILLIAMS repeatedly would exit the restroom and wait for the minor male to walk out of the restroom to capture full length images of the minor males, including their faces. After the parents of one of the victims observed WILLIAMS's suspicious behavior, they contacted the Maryland State Police. After a brief foot pursuit, WILLIAMS was questioned near his vehicle and eventually arrested. WILLIAMS was charged in Cecil County and released on bond later that same day.

On June 13, 2012, a search warrant was executed at WILLIAMS's residence in West Chester, Pennsylvania. Forensic analysis of those items revealed that a number of hard drives appeared to have been removed; on the remaining hard drive, the operating system had been re-installed on May 28, 2012.

A background check showed that WILLIAMS had been approached by law enforcement under similar circumstances on two previous occasions. First, on January 3, 2007, WILLIAMS was contacted by law enforcement outside a public restroom at a Virginia Tech basketball game after several complaints had been received about him following minor males into the restroom. Second, on June 18, 2010, the Defendant was detained, questioned and released by law enforcement after an off-duty police officer observed him in the restroom of a movie theater in Malvern, Pennsylvania, pointing his cell phone at the genitals of minor males utilizing the urinals.

BRIAN MATTHEW WILLIAMS knowingly used the minor boys and exploited them by surreptitiously recording their genitals for the purpose of producing sexually explicit visual depictions of them, several of whom were prepubescent minor males. The HTC PC36100 EVO 4G cell phone (s/n HT09VHL11973) and the Transcend 8 GB Micro SD Card (s/n 9155A48G07DS1) used to record and receive, as well as store the videos of sexually explicit conduct were manufactured outside the state of Maryland, and the Defendant brought those items with him from Pennsylvania, so WILLIAMS knew and had reason to know that these items had been transported in interstate commerce.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

10-2-12
Date

_____
BRIAN MATTHEW WILLIAMS

10-2-12
Date

_____
Charles Waechter, Esq.

2